IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Brian Joseph Stoltie, | ) | Case No. 8:21-cv-03876-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Timothy McCarley; Greg Hayden, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge. [Doc. 115.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. On December 14, 2023, the Magistrate Judge issued a Report recommending that the action be dismissed with prejudice for lack of prosecution and that a pending motion for summary judgment be terminated. [Doc. 115.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do. On December 29, 2023, Plaintiff filed objections to the Report [Doc. 117], and on January 12, 2024, Defendants filed a reply [Doc. 120].

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2015) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## BACKGROUND

Plaintiff is an inmate with the Pennsylvania Department of Corrections who alleges violations of his constitutional rights by the named defendants.[1] On August 11, 2023, Defendants filed a motion for summary judgment. [Doc. 85.] On August 14, 2023, the Magistrate Judge, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately. [Doc. 87.]

The Pennsylvania Department of Corrections requires any person or entity who wishes to send mail to an inmate to acquire a confidential Control Number and include that number on all mail sent to the inmate. The *Roseboro* Order sent by the Court on August 14, 2023, was returned to the Court on September 21, 2023, as undeliverable due to issues with the Court's Control Number. [Doc. 95.] The Court obtained a new Control Number and on October 2, 2023, ordered Defendants' counsel to also obtain a Control Number. [Doc. 98.] The Court then mailed a copy of its Order to Plaintiff, along with a

---

[1] Plaintiff's Complaint asserts claims related to his April 2019 arrest in South Carolina.

copy of the docket sheet in this matter, directing Plaintiff to advise the Court of any mailings from the Court or pleadings filed by Defendants' counsel that he had not received. [*Id.*]  Plaintiff advised the Court by letter dated October 8, 2023, that the only pleadings he had not received were Defendants' response in opposition to Plaintiff's motion to compel and Defendants' motion for summary judgment, and that he was unsure of any other discovery items sent by Defendants that were not received. [Doc. 106.]  The Court re-mailed the *Roseboro* Order to Plaintiff on October 18, 2023, along with an Order extending Plaintiff's deadline for opposing the summary judgment motion, and included a specific warning that the action would be recommended for dismissal if Plaintiff failed to respond. [Doc. 104.]  Defendants' counsel re-mailed Defendants' motion for summary judgment, response in opposition to motion to compel, reply to a Court Order, and responses to Plaintiff's requests for production to Plaintiff on October 20, 2023. [Doc. 107.]  To the Court's knowledge, none of the documents re-mailed to Plaintiff were returned as undeliverable.

On October 26, 2023, the Court again extended Plaintiff's response deadline and warned him that failure to comply may result in dismissal of his Complaint for failure to prosecute. [Doc. 108.]  Subsequently, Plaintiff moved to stay the case until he is released from custody in May 2024, arguing that he is unable to conduct the research necessary to respond to Defendants' motion for summary judgment while incarcerated. [Doc. 111.] The Magistrate Judge denied Plaintiff's motion to stay [Doc. 112] and subsequently issued her Report on December 14, 2023, recommending that the action be dismissed with prejudice for lack of prosecution [Doc. 115].  Plaintiff's objections to the Report were

entered on the docket on December 29, 2023 [Doc. 117], and Defendants filed a reply on January 12, 2024 [Doc. 120].

## **DISCUSSION**

The Magistrate Judge recommends dismissing the action with prejudice for failure to prosecute because Plaintiff has failed to respond to Defendants' motion for summary judgment. [Doc. 115.] In his objections, Plaintiff generally objects to the Report and opposes dismissal, arguing that the previous Control Number issues have impeded his ability to prosecute the action. [Doc. 117 at 1.] Plaintiff further contends that he "specifically notified the Court of his desire to continue with this action" in his motion to stay, and that he is unfairly prejudiced by his lack of access to South Carolina case law and complete discovery in the case.[2] [*Id*.] Plaintiff asks that the Court refrain from dismissing the action because "plaintiff has diligently prosecuted this action to the best of his ability." [*Id*. at 2.]

The Court overrules Plaintiff's objections. Plaintiff argues that the previous Control Number issues have impeded his ability to prosecute the action. [Doc. 117.] However, the Court finds that Plaintiff received a copy of Defendants' motion for summary judgment when it was re-mailed to him by Defendants on October 20, 2023. [Docs. 107; *see* Doc. 115.] This is further confirmed by Plaintiff's subsequent motion to stay, in which Plaintiff argued that he could not respond to the motion for summary judgment until he

---

[2] Plaintiff has claimed in multiple instances that he may not have received the entirety of Defendants' discovery responses. After Defendants' counsel obtained a Control Number following the Court's October 2, 2023, Order, he mailed Plaintiff 61 pages of written documents in response to Plaintiff's request for production of documents. [*See* Doc. 107-2.] Plaintiff has failed to state with any specificity which discovery responses he may still be missing.

4

was released from incarceration. [Doc. 111.] Plaintiff did not claim in his motion to stay or in any filing thereafter that he did not receive a copy of Defendants' motion for summary judgment after it was re-mailed to him. [*Id*.] Instead, Plaintiff claims that he cannot respond to Defendants' motion for summary judgment because he does not have access to South Carolina case law and may not have received all the discovery in this case. [*Id*.; Doc. 117.] Plaintiff has been warned twice since the Court obtained a new Control Number that failure to respond to the motion for summary judgment will result in recommendation for dismissal of his case with prejudice. [Docs. 104; 108.] Plaintiff has been aware that the Court denied his motion to stay [Doc. 112], and yet almost five months after Defendants re-mailed their motion for summary judgment, Plaintiff still has not responded to their motion[3] and has failed to comply with the Magistrate Judge's Order regarding his motion to stay.[4] *See Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir. 1982) (per curiam) (in assessing whether dismissal is appropriate under Rule

---

[3] Plaintiff contends that he has "diligently prosecuted this action" and has "notified the Court of his desire to continue with this action." [Doc. 117.] However, Plaintiff's actions in this case following his receipt of Defendants' motion for summary judgment in October 2023 have been limited to his motion to stay [Doc. 111], objections to the Report [Doc. 117], and letter re-iterating his arguments that he is unsure whether he has received all the documents in the case [Doc. 119]. Additionally, Plaintiff has already stated in multiple filings that he cannot prosecute the action until he is released from custody. [Docs. 111; 117.] The Court finds that Plaintiff has not demonstrated an intent to continue prosecuting this case and instead, has only attempted to delay the Court's consideration of Defendant's motion for summary judgment.

[4] Plaintiff's primary argument in his motion to stay and objections to the Report is that he lacks access to South Carolina law and therefore cannot respond to Defendants' motion for summary judgment until he is released from custody. [Docs. 111; 117 at 1.] The Court notes that Defendants' motion for summary judgment is based entirely on the principles outlined in *Heck v. Humphrey*, 512 U.S. 477 (1994), and related federal case law, which are issues that do not involve South Carolina law and therefore would not require access to South Carolina case law. [*See* Doc. 85.]

5

41(b), a court evaluates "(1) the degree of personal responsibility of the plaintiff; (2) the amount of prejudice caused the defendant; (3) the existence of a draw out history of proceeding in a dilatory fashion; and (4) the existence of a sanction less drastic than dismissal" (internal quotation marks omitted)).

Therefore, the Court finds Plaintiff's objections unavailing in light of the available history of this case. The Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, this action is DISMISSED with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Defendants' motion for summary judgment [Doc. 85] is FOUND AS MOOT.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

March 22, 2024
Greenville, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.